FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 DEC 17 PM 12:37

UNITED STATES OF AMERICA

v.

CASE NO. 8:15CR522T30JSS

ISIAH JAMES McMANUS,
EVAN ALEXANDER ST. PIERRE,
DOMINIC JUSTICE TRAINA, and
DEVIN PAGE SHAPLAND

18 U.S.C. §§ 1951(a), 2
18 U.S.C. § 924(c)(1)(A)(ii)
21 U.S.C. § 841(b)(2)
18 U.S.C. § 981(a)(1)(C) (Forfeiture)
18 U.S.C. § 924(d)(1) (Forfeiture)
21 U.S.C. § 853 (Forfeiture)
28 U.S.C. § 2461(c) (Forfeiture)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about September 23, 2015, in the Middle District of Florida,

ISIAH JAMES McMANUS,
EVAN ALEXANDER ST. PIERRE,
DOMINIC JUSTICE TRAINA, and
DEVIN PAGE SHAPLAND,

the defendants herein, did conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendants did conspire, confederate, and agree with other persons to unlawfully take and obtain property, in the presence of another individual and against his or her will by means of

actual and threatened force, violence, and fear of injury, immediate and future, to his or her person.

In violation of 18 U.S.C. § 1951(a).

### COUNT TWO

On or about September 23, 2015, in the Middle District of Florida,

ISIAH JAMES McMANUS and
EVAN ALEXANDER ST. PIERRE,

the defendants herein, did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendants did unlawfully take and obtain property belonging to the CVS located at 1929 Bruce B. Downs Boulevard in Wesley Chapel, Florida, in the presence of another individual and against his or her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his or her person.

In violation of 18 U.S.C. §§ 1951(a) and 2.

### COUNT THREE

On or about September 23, 2015, in the Middle District of Florida,

ISIAH JAMES McMANUS and
DOMINIC JUSTICE TRAINA,

the defendants herein, did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendants did unlawfully take and obtain property belonging to the Circle K located at 24929 State Road 54 in Land O'Lakes,

Florida, in the presence of another individual and against his or her will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his or her person.

In violation of 18 U.S.C. §§ 1951(a) and 2.

## COUNT FOUR

On or about September 23, 2015, in the Middle District of Florida,

ISIAH JAMES McMANUS,

the defendant herein, did knowingly use and carry a firearm during and in relation to and possess a firearm in furtherance of a crime of violence for which the defendant may be prosecuted in a Court of the United States, that is, conspiracy to obstruct, delay, and affect interstate commerce by robbery, as charged in Count One of this Indictment, and interference with commerce by robbery, as charged in Count Three of this Indictment, in violation of 18 U.S.C. § 1951(a), and brandished the firearm in the course of committing the offense.

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT FIVE

On or about September 23, 2015, in the Middle District of Florida,

ISIAH JAMES McMANUS,

the defendant herein, did knowingly and intentionally possess with intent to distribute Alprazolam, a Schedule IV Controlled Substance.

In violation of 21 U.S.C. § 841(b)(2).

## FORFEITURES

1.     The allegations contained in Counts One through Five of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

2.     Upon conviction of the violation alleged in Count One of this Indictment,

> ISIAH JAMES McMANUS,
> EVAN ALEXANDER ST. PIERRE,
> DOMINIC JUSTICE TRAINA, and
> DEVIN PAGE SHAPLAND,

the defendants herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real and personal, constituting or derived from, proceeds traceable to such offenses and, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the violation of 18 U.S.C. § 1951.

3.     Upon conviction of the violation alleged in Count Two of this Indictment,

> ISIAH JAMES McMANUS, and
> EVAN ALEXANDER ST. PIERRE,

the defendants herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real and personal, constituting or derived from, proceeds traceable to such offenses and, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the violation of 18 U.S.C. § 1951.

4. Upon conviction of the violation alleged in Count Three of this Indictment,

ISIAH JAMES McMANUS, and
DOMINIC JUSTICE TRAINA,

the defendants herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real and personal, constituting or derived from, proceeds traceable to such offenses and, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the violation of 18 U.S.C. § 1951.

5. Upon conviction of the violation alleged in Four of this Indictment,

ISIAH JAMES McMANUS,

the defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in the violation of 18 U.S.C. § 924(c).

6. Upon conviction of the violation alleged in Count Five of this Indictment,

ISIAH JAMES McMANUS,

the defendant herein, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the defendant's violations, and any property used or intended to be used to commit, or to facilitate the commission of, such violations.

7. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under 21 U.S.C. § 853 (p), directly and as incorporated by reference in 28 U.S.C. § 2461(c).

A TRUE BILL,

*M. Elise Wilson*
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: *Carlton C. Gammons*
Carlton C. Gammons
Assistant United States Attorney

By: *Christopher F. Murray*
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crime and Gangs Section

FORM OBD-34
APR 1991

No.

## UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ISIAH JAMES McMANUS,
EVAN ALEXANDER ST. PIERRE,
DOMINIC JUSTICE TRAINA, and
DEVIN PAGE SHAPLAND

### INDICTMENT

Violations:
18 U.S.C. §§ 1951(a) and 2
18 U.S.C. § 924(c)(1)(A)(ii)
21 U.S.C. § 841(b)(2)
18 U.S.C. § 981(a)(1)(C) – Forfeiture
18 U.S.C. § 924(d)(1) – Forfeiture
21 U.S.C. § 853 –Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

A true bill,

_M. Elise Wilson_
Foreperson

Filed in open court this 17th day of December 2015.

_____
Clerk

Bail $_____